IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

| | |
|---|---|
| MANUEL CONCEPCION, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:15-04387 |
| ) | |
| TERRY O'BRIEN, Warden, ) | |
| ) | |
| Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

On April 10, 2015, Petitioner, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.[1] (Document Nos. 1 and 1-1.) Petitioner was convicted in the Eastern District of New York of the following: one count of participating in the affairs of an enterprise through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c); one count conspiracy and attempt to possess heroin with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846; four counts of committing violent crimes for the purpose of maintaining or increasing a position in a criminal organization in violation of 18 U.S.C. §§ 1959 and 2; three counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and one count of using a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (Id.) In his Petition, Petitioner states that "he is actually innocent of his Section 924(c)(1) conviction and his Section 1963 enhancement beyond the mandatory minimum of 20 years imprisonment." (Id.) Citing Bousely v. United States, 523 U.S.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1

614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) and Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Petitioner alleges that he is actually innocence of his Section 924(c)(1) conviction because the Government did not prove that Petitioner actively employed a firearm in relation to the drug trafficking crime. (Id.) Petitioner states that "[i]t wasn't until 2015 at USP Hazelton that Concepcion discovered, and it was clearly explained, that Bailey was and is a statutory interpretation that applied to him." (Id.) Next, Petitioner argues that the sentencing court improperly enhanced his sentence pursuant to Section 1963. (Id.) Petitioner argues that "Section 1963 was not charged or invoked by the grand jury indictment, therefore, the court had no authorization to impose a mandatory life sentence of imprisonment without parole." (Id.) As relief, Petitioner requests that this Court "vacate his Section 924(c)(1) and (2) conviction and sentence, and vacate his Section 1963 enhanced mandatory term of life imprisonment." (Id.)

As Exhibits, Petitioner attaches the following: (1) A copy of the District Court's "Memorandum of Decision and Order" as filed in the Eastern District of New York in Concepcion v. United States, Case Nos. 95-cv-5337 and 97-cv-6369 (Document No. 1-2.); (2) A copy of Petitioner's sentencing transcripts as filed in the Eastern District of New York in United States v. Concepcion, Case No. 89-cr-229 (Document No. 1-3.); and (3) A copy of Petitioner's Presentence Investigation Report as filed in the Eastern District of New York in United States v. Concepcion, Case No. 89-cr-229 (Document No. 1-4.).

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472,

477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). The Bureau of Prisons' Inmate Locator indicates that Petitioner died on April 15, 2015. By virtue of Petitioner's death, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241. See Garceau v. Woodard, 399 F.3d 1101 (9th Cir. 2005)(dismissing *habeas* petition as moot where petitioner died while in custody); Rivera v. Pearlman, 2004 WL 533333, * 1 (S.D.N.Y. March 16, 2004)(dismissing Section 2241 petitioner where petitioner died while in custody). Accordingly, Petitioner's claims are rendered moot by virtue of his death, and therefore, his Section 2241 Application must be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document Nos. 1 and 1-1.) and **REMOVE** this matter from the Court's docket.

The Petitioner[2] is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Copenhaver, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: February 22, 2016.

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

[2] The undersigned acknowledges that Petitioner is deceased, and therefore, unable to file objections. To the extent this Proposed Findings and Recommendation is received by a family member or personal representative, such an individual may wish to file such objections.